IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARBARA LAWSON THOMAS,                    No. C-05-01316 CRB

       Plaintiff,                              **MEMORANDUM AND ORDER**

   v.

JO ANNE BARNHART, Commissioner of
the Social Security Administration,

       Defendant.

     Plaintiff Barbara L. Thomas files this appeal from a denial of social security benefits arising out of diagnoses of lupus and carpal tunnel syndrome. Now pending before the Court is plaintiff's motion for summary judgment or remand and the Commissioner of the Social Security Administration's ("Commissioner") opposition and cross-motion for summary judgment. After considering all of the papers and the evidence in the record, the Court hereby VACATES the Commissioner's decision and REMANDS to the Administrative Law Judge for further consideration.[1]

## PROCEDURAL HISTORY

     On October 10, 2002, plaintiff filed an application for Disability Insurance Benefits

---

[1] Pursuant to the local rules of this district, the motions have been submitted on the papers without oral argument. See Civil L.R. 16-5.

under Title II of the Social Security Act. Tr. 118-120. She was found to be ineligible for Disability Insurance Benefits, but eligible for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, and therefore her application for SSI proceeded to the initial determination stage where it was denied. Tr. 65-68, 95. Plaintiff's SSI application was denied on reconsideration, Tr. 71-74, and was ultimately denied by an Administrative Law Judge ("ALJ") in a decision dated December 10, 2004. Tr. 14-18. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on January 25, 2005. Tr. 5-7. Plaintiff then filed a timely compliant which commenced the instant action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## FACTUAL BACKGROUND

Plaintiff is a 45-year-old high school graduate who has previously worked as a certified nurse's assistant and as a hospital cleaner. Tr. 15. She was last employed in 2001. Tr. 111. Plaintiff alleges disabilities primarily based on lupus, carpal tunnel syndrome, and arthritis. Tr. 15. She was also diagnosed with paranoid schizophrenia in April 1999, and has been treated for depression. Tr. 239-243.

The record reveals that plaintiff's treating physician, Dr. Henry Mally, consistently diagnosed plaintiff with carpal tunnel syndrome and lupus, beginning in 2001. Up until 2004, his lupus diagnosis indicated plaintiff suffered from the "discoid" form of lupus, not systemic lupus erythematosis ("SLE"). In 2004, his diagnosis changed from discoid lupus to SLE. On April 16, 2004, as part of his medical evaluation completed in response to the Commissioner's request, Dr. Mally checked a box on a form indicating that he believed the plaintiff was unemployable for at least 12 months and diagnosed her with SLE. Tr. 233, 232.

In March 2003, the plaintiff had a consultative examination by orthopedist Philip Wirganowicz, who concluded that plaintiff could lift 25 pounds frequently and 50 pounds occasionally. Tr. 153. Dr. Wirganowicz concluded that plaintiff could sit, stand, and/or walk for six hours in a normal workday with appropriate breaks. Id. The Disability Determination Services accepted these findings and concluded that plaintiff could perform medium exertion work, with limited fingering and no exposure to unprotected heights or

2

unprotected hazardous activity.[2]  Tr. 157-64.

In October 2003, psychiatrist Morey Weingarten examined plaintiff and concluded that she was capable of dealing with typical workplace demands. Tr. 214. Dr. Weingarten also concluded that he was unable to find any notable evidence of cognitive impairments and that some of plaintiff's complaints appeared to be overstated and uncorroborated. Id.

## STANDARD OF REVIEW

A district court may overturn a decision to deny benefits only if it is not supported by substantial evidence or if the decision is based on legal error. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); Magallenes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. Determinations of credibility, resolution of conflicts in medical testimony and all other ambiguities are to be resolved by the ALJ. Id; Magallenes, 881 F.2d at 750. The decision of the ALJ will be upheld if the evidence is "susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1040.

## DISCUSSION

I.  **ALJ's Decision**

After reviewing the record, and with the benefit of oral argument, the Administrative Law Judge concluded that plaintiff was not "disabled" under the Social Security Act and could return to her past work. Tr. 17. The ALJ concluded that plaintiff has "medically determinable 'severe' discoid lupus and carpal tunnel syndrome, rule out arthritis, [and] bilateral wrists," but that plaintiff "does not have any impairment or impairments which meet or equal in severity the criteria set forth in any applicable section of the Listing of Impairments." Id. As a result, the ALJ determined that plaintiff "has the residual functional capacity for medium work with (1) no keyboarding or other repetitive fingering, and (2) no exposure to unprotected heights or unprotected hazardous machinery because of her

---

[2] Medium work is defined in regulation 20 CFR 416.67(c) as lifting no more than 50 pounds occasionally and 25 pounds frequently.

3

medications." Id.

**II.   Analysis**

Based on the ALJ's "Evaluation of the Evidence," it is clear that his conclusions depended heavily on the findings of Dr. Wirganowicz's 2003 evaluation, which occurred more than one year before plaintiff's treating physician's analysis submitted to the Commissioner.  Furthermore, the ALJ cited the treating notes of Dr. Mally to "reflect the claimant's history of discoid lupus." Tr. 16.  The ALJ determined that plaintiff's "medical condition does not approach the criteria of any impairment described in the Listings" of Impairments.  Id.

It appears, however, that the ALJ did not consider or address Dr. Mally's most recent diagnosis of plaintiff's lupus condition.  In his April 2004 medical evaluation requested by the Commissioner, Dr. Mally diagnosed plaintiff with SLE, not discoid lupus.[3]  SLE is a Listed Impairment under the Social Security Act, and is a very serious multi-system inflammatory disease.  See 20 CFR Part 404, Subpart P, App. 1 § 14.02.  There is no mention of SLE or Dr Mally's diagnosis thereof in the ALJ's decision.  If Dr. Mally's diagnosis is accurate, however, then the ALJ's predicate findings would be incorrect.  In that case, the ALJ must revisit his conclusions at step three and possibly alter the final determination of whether plaintiff was "disabled" or not.  As a result, the Court finds that, in light of a recent diagnosis of SLE, the ALJ did not have substantial evidence to find that plaintiff was not "disabled" under the Social Security Act.

//
//
//
//
//

---

[3] Dr. Wirganowicz's evaluation in March 2003 occurred before Dr. Mally apparently changed his diagnosis from discoid lupus to SLE, which occurred in 2004.  Therefore, the Court does not question the Dr. Wirganowicz's findings but notes that the evaluation did not consider the most up-to-date information on plaintiff's condition, which may have changed.

4

**CONCLUSION**

Because the ALJ apparently did not consider or address a diagnosis of SLE by plaintiff's treating physician, the Court VACATES the decision below and REMANDS for further consideration of the proper diagnosis of plaintiff's lupus condition. To the extent that a residual functional capacity analysis is necessary in light of any new findings, the Commissioner shall conduct such an evaluation.

**IT IS SO ORDERED.**

Dated: February 7, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE